John A. Holmes, Respondent, *v.* Andrew Little, Appellant.

*Creditor's action — deed in fraud of creditors — acceptance thereof — preference of creditor bringing an action in default of action by an assignee.*

James Boyle, in 1873, executed and had recorded a deed of his real estate to Andrew Little. The latter did not know of the existence of this deed until 1878, when he objected to it and returned it to Boyle, who remained in possession of the premises until his death in 1881. In 1878 Boyle became a bankrupt and an assignee of his estate was appointed. In 1880 the plaintiff Holmes became a judgment creditor of Boyle upon an indebtedness, none of which accrued earlier than 1874. In 1883 Little began to collect, and until 1891 continued the collection of the rents of the premises, and in 1891 conveyed the premises for value to John Neely. In 1893, by leave of court, the plaintiff sold the premises upon an execution against Boyle; a deficiency resulted, and an action was brought to charge Little with this upon the basis of rents collected by him or which might have been collected by him during all the time that he claimed to have held possession of the property. Upon the trial of the action the court found that the deed of Boyle to Little was executed in fraud of creditors, but did not find that it was in fraud of subsequent creditors.

*Held,* that it was essential that Little should accept the deed from Boyle, and that, never having done this, the conveyance was defective;

That while the fact that Little collected the rents from 1883 might imply an acceptance by him from that time, he could not be charged with the rent of the premises prior to the time of such collection;

That the intent of Boyle in making the deed to Little was immaterial to the plaintiff, who was not a creditor of Boyle at the time of the conveyance, and who, so far as appeared, had not given Boyle any credit based upon the latter's possession of said real estate;

That upon the appointment of an assignee in bankruptcy all the property of Boyle, including the right to the rents and profits of his real estate, passed to the assignee and there remained;

That if such an assignee should fail or refuse to bring an action to recover property transferred in fraud of his estate, a creditor bringing such an action and making the assignee a defendant, would not thereby gain a preference; the fruits of such an action must be brought into court, there to be administered in the interest of all the creditors.

APPEAL by the defendant, Andrew Little, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 11th day of October, 1894, upon the decision of the court rendered at the New York Special Term, with notice of an intention to bring up for review upon such appeal an interlocutory judgment entered in said clerk's office on the 14th day of May, 1894, the amendments thereto and an order amending the same and all proceedings had before a referee appointed herein and the report of said referee.

*A. C. Thomas*, for the appellant.

*T. J. Keigharn*, for the respondent.

VAN BRUNT, P. J.:

From the findings made by the court upon the trial of this action it appears that on the 1st of November, 1873, one James Boyle was seized in fee simple of certain lands and premises known as Nos. 22 and 24 Mangin street in the city of New York; and that on or about said 1st of November, 1873, said James Boyle and Margaret, his wife, signed, sealed and acknowledged a deed of said land and premises purporting to convey the same to one Andrew Little, the defendant. The consideration expressed in said deed was the sum of $16,000, and the assumption of mortgages upon said property amounting to the sum of $4,900. The paper so signed, sealed and acknowledged was caused to be recorded on said 1st of November, 1873, by said Boyle. At no time prior to the recording of said deed did the defendant authorize or sanction the placing of the same upon record; and the defendant was ignorant of the existence of the same until about the month of January or February, 1878, when the same was handed to him and he objected to the same and returned the same to said Boyle or his attorney, and left the same with said Boyle's attorney to have the same corrected or exchanged. The defendant never afterwards got said deed from said Boyle or

said Boyle's attorney. The consideration of $16,000 expressed in the deed was never paid, and the grantee never paid or agreed to pay for said property the sum of $16,000, and never agreed to assume or pay the mortgages upon said property. From the day said paper was signed, November 1, 1873, down to the time of his death on the 26th of January, 1881, James Boyle remained in possession and control of the premises and he never paid to the defendant Little, the grantee in said deed named, and the said defendant never asked, demanded or received from said Boyle, any rent for the same.

The court further found that said alleged deed was signed, sealed and acknowledged by said James Boyle with the intent and for the purpose of hindering, delaying and defrauding his creditors, and not with the intent of conveying said property to the pretended grantee; and that during the year 1874 and down to and after the year 1879, the said Boyle was indebted to the firm of W. & A. Holmes & Co., hereinafter mentioned, and was, during a part of that period, engaged in creating or incurring the debt for which the judgment found in the first finding herein was rendered and given.

During the year 1878 James Boyle was adjudicated a bankrupt on his own petition in the District Court of the United States for the southern district of New York, and the court refused to grant him a discharge from his debts.

On the 26th of October, 1880, the plaintiff John A. Holmes and his co-partners, doing business under the said firm name of W. & A. Holmes & Co., recovered a judgment against Boyle in the Supreme Court of the State of New York for the sum of $9,637.30. Subsequently the plaintiff became the sole owner of said judgment.

From the year 1883 to the 6th day of January, 1891, the defendant has received from said premises as rent for the same sums varying from $700 to $800 each and every year, the exact amount of which is unknown.

The assignee appointed in bankruptcy died before the commencement of this action, and he never took or instituted any legal proceedings to have the alleged deed, which was signed, sealed and acknowledged by said James Boyle and wife on the 1st of November, 1873, to the defendant, declared void, or to compel the said defendant to account for the proceeds of said property.

On the 1st of November, 1873, James Boyle was not indebted to the firm of W. & A. Holmes & Co., nor was said firm nor its members then creditors of said Boyle. The claims for which the judgment of the firm of W. & A. Holmes & Co. against Boyle was obtained were upon three notes, one dated September 8, 1875, one dated October 16, 1877, and the other dated December 15, 1877.

On the 19th of January, 1891, the defendant sold and conveyed to one John Neely the premises in question for the consideration of $16,000. The defendant received from said Neely $5,000 of said purchase money, and now holds a mortgage for $11,000 on said premises, upon which interest has been paid by Neely to the defendant.

Prior to the 16th of January, 1893, the plaintiff duly instituted and took legal proceedings to obtain leave to issue an execution upon said judgment against Boyle to enforce and collect the same out of said real estate, and on the 8th day of May, 1891, the Surrogate's Court duly made and entered a decree granting the plaintiff leave to issue said execution. On the 16th of January, 1893, such execution was duly issued, and the same was levied upon the real estate in question, and such real estate was sold for the sum of $12,165.75, leaving a balance remaining uncollected of said judgment of $4,656.15.

Upon this state of facts the court found as conclusions of law that the alleged deed signed, sealed and acknowledged by said James Boyle on the 1st of November, 1873, was signed, sealed, acknowledged and recorded by him with the intent and further purpose of hindering, delaying or defrauding the creditors of said Boyle; that said alleged deed was never delivered to or accepted by the defendant prior to January or February, 1878; that ever since the 26th of October, 1880, said judgment recovered by Holmes & Co. has been, and continued to be, a lien on said land and premises down to and including the 18th of March, 1893, the day upon which the sheriff sold the same under said execution; that the plaintiff is entitled to judgment in this action against the defendant, declaring said alleged deed of said premises fraudulent and void as to the plaintiff; that there was due to said plaintiff on said judgment the sum of $4,656.15; and that the plaintiff was entitled to judgment against said defendant for an accounting of the rents and

profits of such land and premises received by him, and a referee was appointed to take and state the account.

This interlocutory judgment was subsequently amended by requiring the defendant to account for the rents which said defendant might or could have received, and also to take proof of the amount of money which the said defendant might or could have received during all the time he held or claimed to hold possession of said property as rents and profits from the same.

An accounting being had before the referee, the referee refused to allow the defendant the taxes and assessments paid upon the property besides the interest paid upon the taxes, and charged the defendant with a yearly rental amounting to about $800 as the rental which he might or could have received from said premises between the 1st of November, 1873, and the 1st of September, 1882, when he first began to collect the rents.

Upon the coming in of this report a final judgment was entered, and from said interlocutory and final judgment this appeal is taken.

Upon an examination of the foregoing facts, it seems to us that they are fatally defective in the first place in not finding that there was ever any execution, of the deed in question by delivery to the defendant. And in the next place, the question as to what was the intent of James Boyle in the signing, sealing and acknowledging of the deed on the 1st of November, 1873, seems to be entirely immaterial as far as this plaintiff was concerned. He was not a creditor of Boyle at that time; it is not found that he expected to be a creditor, or that Boyle expected him to be a creditor, nor that Boyle signed, sealed, acknowledged and delivered the deed in question with any intent of defrauding subsequent creditors. The claims upon which the judgment is obtained, which is the foundation of this suit, seem to have accrued in 1877, and, therefore, the conveyance by Boyle in 1873 does not seem to have done much harm to this plaintiff. If it be said that Boyle remained in possession of the premises to the time of his death, and was in possession thereof at the time of the contracting of this debt, our attention has not been called to any evidence or to any finding that any portion of this debt was contracted upon the faith or knowledge, or the assumption of knowledge of ownership in Boyle in the premises in question. It is expressly found that the defend-

ant never accepted the deed, and consequently there never was a complete execution of the deed, it never having been delivered to and accepted by him. It is true that from 1883, down to the time of the sale to Neely, the defendant collected the rents of the premises in question, and from such action it might be inferred that the defendant had, from that date, accepted the conveyance and gone into possession of the premises; but how, under such circumstances, he can be charged with the value of the use and occupation of these premises from the 1st of November, 1873, down to the time when he commenced to take the rents, it is difficult to imagine.

Further, it is found that during the year 1878 James Boyle was adjudicated a bankrupt on his own petition, and it would appear that an assignee in bankruptcy was appointed, because it is found that the assignee appointed in the bankruptcy proceeding died before the commencement of this action, having taken no proceeding to set aside the deed in question. Now, it is a well-settled rule of law that, upon the appointment of an assignee in bankruptcy, all the property of the bankrupt becomes vested in the assignee by virtue of the adjudication of bankruptcy and the appointment of such assignee, and all property conveyed by the bankrupt in fraud of his creditors is expressly included therein.

The title to the rents and profits which are claimed in this action by the plaintiff was vested, therefore, in the assignee in bankruptcy, and, he having died, belong to his successor, when such successor shall be appointed, even if it be assumed that the creditor, where an assignee refuses to bring an action for the purpose of recovering property belonging to the estate, may bring such action making the assignee a party; the fruits of such action, however, must be brought in court for the benefit of the creditors of the bankrupt to be administered in due course of proceedings in bankruptcy Such an action is an aid to the bankruptcy proceeding, and of the application of the property fraudulently disposed of by the bankrupt to the payment of his creditors generally. In such a proceeding no creditor can procure a preference by reason of the bringing of such an action. In the case at bar the plaintiff seeks to seize upon this asset without regard to the rights conferred by the bankruptcy proceeding, and without regard to the rights of any other of the creditors of James Boyle, who may be entitled to participate therein. In other words,

the plaintiff seeks to have this court administer the estate of the bankrupt, the title to which has been divested by the proceedings in bankruptcy and not represented before the court.

It seems to us that the judgments must be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN and FOLLETT, JJ., concurred.

Judgments reversed, new trial ordered, costs to appellant to abide event.